IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DAVID FLOYD GLICA,

    Petitioner,    No. CIV S-11-3247 GEB GGH P

  vs.

GOWER,    ORDER &

    Respondent.    FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's February 17, 2012, motion to dismiss on the grounds that this action is barred by the statute of limitations (Doc. 13) and petitioner's motions to appoint counsel (Docs. 15, 17).  For the reasons that follow, the court recommends that the motion to dismiss be granted and this case closed.

II. <u>Motion to Dismiss</u>

    The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted of first degree murder, attempted robbery, conspiracy to commit robbery and assault. Lodged Document (Lod. Doc.) 1. On November 2, 2001, petitioner was sentenced to an indeterminate prison term of twenty-five years to life, with the possibility of parole, and a determinate prison term of seven years. Id. On November 29, 2004, the California Court of Appeal affirmed the judgment. Lod. Doc. 2. The California Supreme Court denied review on February 2, 2005. Lod. Docs. 3, 4. Petitioner's conviction became final 90 days later, on May 3, 2005, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Time began to run the next day, on May 4, 2005. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until May 3, 2006, to file a timely federal petition, absent applicable tolling. The instant action, filed December 1, 2011,[1] is not timely unless petitioner is entitled to statutory or equitable tolling.

\\\\\

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).


Petitioner filed five pro se state habeas petitions, the first filed on March 3, 2011, and the final petition was denied on July 14, 2011. Lod. Docs. 5-14. However, all of these petitions were filed nearly five years after the expiration of the statute of limitations on May 3, 2006. A state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll or revive the limitations period under section 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner does not dispute the above facts, but instead argues that the statute of limitations should be given a later starting date pursuant to 28 U.S.C. § 2244(d)(1)(C): the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Petitioner states a later start date is applicable based on the Supreme Court's decision in Graham v. Florida, ––– U.S. ––––, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), decided on May 17, 2010, in which the Court held "the Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 130 S.Ct. at 2034. Petitioner states he was 17 at the time of the time of the crime. Opposition at 1.

However, respondent correctly notes two vital factors on why Graham is not applicable to the instant case. In the instant case, petitioner was found guilty of first degree murder, while Graham involved only juvenile offenders who did not commit homicide. See supra. In addition, petitioner was sentenced to twenty-five years to life, *with* the possibility of parole. In Graham the Supreme Court noted that "a State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." Graham, 130 S.Ct. at 2034. Petitioner was not sentenced to life without the possibility of parole and has the opportunity to be paroled. For these reasons Graham is not applicable and petitioner is not entitled to a later start date of the

\\\\\

1  statute of limitations.² See Sivongsak v. Thaler, 2011 WL 7006882 *2 (N.D. Tex. 2011)

2  (Graham not applicable where petitioner committed murder and is eligible for parole); Silas v.

3  Pennsylvania, 2011 WL 4359973 *2 (E.D. Pa. 2011) (Graham not applicable to petitioner who

4  committed murder).

5        Petitioner also argues for equitable tolling in 2010, because he was in

6  Administrative Segregation.  Even if the court were to provide equitable tolling for all of 2010,

7  petitioner would still be well beyond the statute of limitations which expired in 2006.  For all

8  these reasons, respondent's motion to dismiss should be granted and this case dismissed.  As the

9  undersigned is recommending this case be dismissed, petitioner's motions for the appointment of

10 counsel are also denied.

11       Accordingly, IT IS HEREBY ORDERED that petitioner's motions for the

12 appointment of counsel (Docs. 15, 17) are denied.

13       IT IS HEREBY RECOMMENDED that the motion to dismiss (Doc. 13) be

14 granted and this case dismissed.

15       If petitioner files objections, he shall also address if a certificate of appealability

16 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

17 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

18 constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

19 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

20       These findings and recommendations are submitted to the United States District

21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

---

[2] The sole claim in the petition involves the sentence in light of Graham.  Even if the undersigned were to look at the merits of the claim, relief would be denied as Graham is not applicable for the reasons discussed.  Petitioner's arguments that he was not the triggerman and hence less culpable than a "real murderer" is, in essence, a request to dispute state law to the contrary and extend Graham, not apply it.  In addition, the argument that the parole system in California is essentially equal to life without the possibility of parole, even if more than a mere conclusion, does not counter the fact that petitioner was still convicted of murder under state law, a crime that was not at issue in Graham.

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 16, 2012

                                    /s/ Gregory G. Hollows
                             UNITED STATES MAGISTRATE JUDGE

GGH: AB
glic3247.mtd